United States District Court
for the District of New Jersey

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> V. <br><br> DUKES HENDERSON, INC., a Kentucky Corporation; and FRED YEE, an individual, <br><br> Defendants. | Civil No: 15-3926 (KSH) <br><br><br> **OPINION AND ORDER** |

**Katharine S. Hayden, U.S.D.J.**

This matter is before the Court on a motion by plaintiff, Ramada Worldwide Inc. ("RWI"), seeking the entry of a final judgment by default against defendants, Dukes Henderson, Inc. ("Dukes") and Fred Yee, pursuant to Federal Rule of Civil Procedure 55(b)(2).

**I.   Background**

This suit was initiated by virtue of a complaint (D.E. 1, "Compl.") filed by RWI, on June 12, 2015, seeking damages for breach of a License Agreement dated September 20, 2005, between RWI and Dukes that was attached to the complaint (Compl. Ex. A, "License Agreement").  Under the License Agreement, Dukes contracted to operate a 117-room Ramada Inn ("the facility") for a 15-year term. (Compl. ¶¶8-9; License Agreement, Schedule A, B.)  The License Agreement established that if Dukes were to relinquish control of the facility to a third party without prior consent from RWI, the transaction would unilaterally terminate the License Agreement. (License Agreement, Sec. 9.)  Yee, the principal of Dukes, signed a Guaranty, also attached to the complaint (Compl. Ex. C, "Guaranty"), that obligated him, in the event of a

default, either to perform or to pay RWI for Dukes' unperformed or unpaid obligations under the License Agreement. (Compl. ¶¶22-23; Guaranty). The complaint alleges that Dukes relinquished control of the facility on or around March 14, 2012, without RWI's prior consent, subjecting it (and by virtue of the Guaranty, Yee) to the damages and penalties attendant to an early termination, which amounted to liquidated damages of $119,500 and recurring fees of $11,434.12. (Compl. ¶¶ 24, 52.) The summons and complaint were personally served on Yee on July 7, 2015 (D.E. 6), and were served via regular and certified mail to Dukes Henderson, Inc. on August 26, 2015 (D.E. 4).

On July 23, 2015, less than two weeks after he was served, Yee, on behalf of himself and Dukes, submitted a letter response to the Court. (D.E. 5, "Letter Response.") He attached 22 pages of documents, including a July 21, 2015 letter to RWI stating that:

> [t]his issue is a duplicate of a previous concern with Wyndham Hotel Group, parent company of Ramada Worldwide, Inc., dated 2/17/2012 (copy attached. It was referred to Terry Dukes of Audubon Loans 1, LLC and his attorney on 2/20/2012 (copies attached). Audubon Loans 1, LLC, 3720 New Hartford Rd. Owensboro, KY 42303, took all assets and liabilities for Dukes Henderson, Inc. and Fred Yee, under an agreement on Nov. 8, 2011."

(D.E. 5-1.) Notwithstanding, on September 29, 2015 RWI filed a request for an entry of default judgment against defendants, representing that RWI's counsel had "not heard from the Defendants and to my knowledge no filing was made with the Court under Local Civ. R. 6.1(b)." (D.E. 7.) Counsel made this representation despite Yee's submissions and their appearance on the docket as D.E. 5. The Court of Clerk entered default against Dukes Henderson, Inc. and Yee for failure to plead or otherwise defend.

On October 15, 2015, RWI moved for a final judgment by default alleging that the defendants failed to answer or otherwise respond to the complaint. Seven days later, Yee

provided another letter response to the Court stating that "I will leave it to the court as to the legal decisions on this proceeding since the plaintiff nor its attorneys have not contacted me for further discussion other (*sic*) service of the legal papers." (D. E. 9.) The response included yet another letter, dated October 16, 2015, from Yee to RWI regarding its claims.

## II.     Default Judgment Standard and Discussion

In assessing a motion for default judgment the court must follow a two-step process. First, Clerk of Court must enter a default where the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *Fed.R.Civ.P.* 55(a). Second, after the Clerk of the Court has properly entered a default, the plaintiff may obtain judgment by default by either requesting that the Clerk enter a sum certain judgment, or by applying for default judgment to the court. *See Fed.R.Civ.P* 55(b). The court "may set aside an entry of default for good cause." *Fed.R.Civ.P* 55(c).

Rule 55 permits the entry of a default only where the non-moving party "has failed to plead or otherwise defend"; that is the non-moving party has failed to appear or file a responsive pleading. *See, e.g.*, *International Union of Painters v. Mazzo Enterprises, Inc.*, 2015 WL 7760172, at*3 (D.N.J. Dec. 1, 2015) (Rodriguez, J.). "[A]t the very least, the defendant must show an intent to defend to avoid default." *United States v. Mulvenna*, 367 F. App'x 348, 350 (3d Cir. 2010); *see, e.g.*, *Jatas v. Bank of America Corp.,* 2009 WL 2905417, at *2 (Sept. 8, 2009) (Hillman, J.) (holding that a defendant did not fail to plead or defend when he had retained counsel who appeared and asked for leave to file a response). The central question in this case is therefore whether Yee's letters constitute a pleading, an appearance, or an attempt to defend. Twice Yee has written to the Court, and he has submitted over 25 pages of exhibits related to RWI's claims. It is axiomatic that pro se defendants are held to "less stringent standards than

formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  What Yee has filed, moreover, makes the representation in D.E. 7 that plaintiff's attorney had "not heard from the Defendants and to my knowledge no filing was made with the Court" at best strange.  This Court is satisfied that Yee's responses may appropriately be deemed appearances and expressions of his intent to contest the merits of RWI's claims and denies the application for default judgment.

### III.   Conclusion and Order

For the foregoing reasons, RWI's application for default judgment is denied, and the Clerk of the Court is directed to vacate the entry of default.

Based on the foregoing and good cause appearing,

**IT IS** on this 26th day of January, 2016,

**ORDERED** that the Clerk of Court **vacate** the entry of default against the Defendants; and it is further

**ORDERED** that RWI's motion for default judgment as to both Defendants (D.E. 8) is **denied**.

/s/ Katharine S. Hayden\_\_\_\_\_
Katharine S. Hayden, U.S.D.J.